**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**CHARLES D. CAMPBELL et al.,**

    **Plaintiffs,**

**v.**                                                                       **CIVIL ACTION NO. 1:24-CV-66
                                                                                      (KLEEH)**

**THE CITY OF MORGANTOWN,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS [ECF NO. 6]**

Pending before the Court is *City of Morgantown's Motion to Dismiss Complaint, or in the Alternative, for Summary Judgment* [ECF No. 6]. For the reasons discussed herein, Defendant's motion to dismiss is **DENIED**. The parties may move for summary judgment following the completion of discovery.

### I.  PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this Court on June 28, 2024, alleging violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1. In response to the Complaint, Defendant City of Morgantown ("Defendant" or "City of Morgantown") filed the subject *City of Morgantown's Motion to Dismiss Complaint, or in the Alternative, for Summary Judgment* [ECF No. 6] on September 9, 2024. Plaintiffs filed their response opposing Defendant's Motion on September 23, 2024. ECF No. 7. In that response, Plaintiffs also opposed their claims being evaluated under Rule 56 of the Federal

Rules of Civil Procedure. Id. On September 30, 2024, the City of Morgantown replied in support of its motion to dismiss. ECF No. 8. On September 23, 2025, the Court entered its *First Order and Notice Regarding Discovery and Scheduling Conference* [ECF No. 9], directing the parties to engage in discovery.

## II. BACKGROUND

Plaintiff Charles D. Campbell is a Lieutenant in the Morgantown Fire Department and serves as the President of the International Association of Fire Fighters ("IAFF") Local 313 (Morgantown). ECF No. 1 at ¶ 1. Plaintiff is employed as a professional firefighter with the Defendant City of Morgantown. Id. The remaining Plaintiffs in this case are current or former Morgantown firefighters:

```
1.   Beall, Mitchell
2.   Bailey, Brandon
3.   Benson, Michael
4.   Bishop, Hunter
5.   Borzik, John
6.   Bragg, Joseph R.
7.   Calvert, George
8.   Chisler, Matthew
9.   Close, Michael
10.  Connery, Klint
11.  Dalton, Tanner
12.  Dalton, Thadius
13.  Daniels, Douglas A. Jr.
14.  Davis, Bryan
15.  DeBerry, Christopher
16.  Freshour, Gary
17.  Ganoe, Jason
18.  Giles, Aaron
19.  Hagedorn, Larry
20.  Hatfield, Jason
21.  Horbachewski, Dan
```

       22. Izzo, Brian
       23. Jenkins, Ashley
       24. Laskody, Chad
       25. Lyons, William
       26. Martin, Anthony
       27. McClain, Bailey
       28. Mergenthaler, Brent
       29. Moore, John
       30. Morgan, Joshua
       31. Morris, Nicholas L.
       32. Nicewarner, Jayson
       33. Nickelson, Eric
       34. Nypaver, Joshua
       35. Olszewski, Roman
       36. Pantalo, Marco
       37. Paugh, Brett
       38. Peery, Matt
       39. Pickenpaugh, Trevor
       40. Porter, Derek
       41. Ross, David
       42. Sharpe, Douglas
       43. Smith, Travis
       44. Stake, Anthony
       45. Thalman, Mark
       46. Thomas, Travis
       47. Turner, Lucas
       48. Ware, Colby
       49. Watson, Keith
       50. Waxman, Andrew
       51. Whiten, Sean R.
       52. Wolfe, Robert
       53. Wright, Nicholas
       54. Zaroda, Devon J.
       55. Zimmerman, Robert

Id. at ¶ 2. In their Complaint, Plaintiffs allege that Defendant incorrectly calculates their regular rate of pay and overtime compensation. Id. at ¶¶ 20-21. Specifically, Plaintiffs allege that the City of Morgantown uses an improper method for calculating a firefighter's base rate of pay from a stated annual salary. Id. at ¶ 24. As a result, Plaintiffs claim they are underpaid. Id. at ¶¶ 32-33.

Plaintiffs' Complaint addresses the FSLA and the alleged miscalculation in its three counts. ECF No. 1. In Count One, Plaintiffs allege the City of Morgantown violated the FLSA by failing to calculate the firefighters' regular rate of pay or overtime rate of pay, in accord with 29 U.S.C. § 201, et seq. Specifically, Plaintiffs allege that their rate of pay is based upon an annual number of hours worked of either 3,328 or 3,208 hours. Id. at ¶ 50. However, none of the Plaintiffs work 3,328 or 3,208 hours in a given year. Id. at ¶ 51. Plaintiffs allege that the increased number of annual hours worked increases the divisor in the rate of pay calculations, which results in reduced and incorrect rates of pay. Id. at ¶ 58. In Count Two, Plaintiffs allege that the City of Morgantown willfully violates the FLSA because it knowingly and intentionally relies upon an incorrect calculation formula to underpay the firefighters. Id. at ¶¶ 55-63. In Count Three, Plaintiffs allege they are entitled to liquidated damages under the FLSA. Id. at ¶¶ 64-68. Plaintiffs seek an array of damages for these claims.

### III. **STANDARD OF REVIEW**

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d

181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

When a defendant moves to dismiss under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the "documents attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). "Consideration of extrinsic documents by a court during the pleading stage of

5

litigation improperly converts the motion to dismiss into a motion for summary judgment." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (citing E.I. du Pont de Nemours & Co., 637 F.3d at 448). "This conversion is not appropriate when the parties have not had an opportunity to conduct reasonable discovery." Id. Courts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment only if the documents are "integral to and explicitly relied on in the complaint," and "the plaintiffs do not challenge [the documents'] authenticity." Zak, 780 F.3d at 606-07; see also Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

## IV. DISCUSSION

Because Defendant styled the subject Motion as an alternative motion for summary judgment, the Court must first determine the appropriate standard of review. For the reasons set forth below, the Court considers Defendant's Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure and **DENIES** the Motion [ECF No. 6].

### A. The Court Declines to Consider Defendant's Motion as a Motion for Summary Judgment.

When a motion is styled as a motion to dismiss or, alternatively, a motion for summary judgment, "[t]he district court has discretion to determine whether to treat [it] . . . as a 12(b)(6) motion or to convert it to a summary judgment motion." Miller v. Md. Dep't of Nat. Res., 813 F. App'x 869, 873 (4th Cir.

6

2020) (unpublished). The Fourth Circuit articulated two requirements for converting a motion to dismiss into a motion for summary judgment. First, all parties must "be given some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment." Id. (citing Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1984). "This notice exists when 'a party is aware that material outside the pleadings is before the court,' such as when a motion is captioned in the alternative." Id. Second, parties must have been "afforded a reasonable opportunity for discovery." Id. (citing Gay, 761 F.2d at 177). "To oppose a motion for summary judgment on this basis, a plaintiff must submit a Rule 56(d) affidavit showing that he cannot present facts essential to justify the opposition without discovery because those facts are unavailable to him." Id.

"However, failing to file a Rule 56(d) affidavit is not necessarily fatal where the 'nonmoving party has adequately informed the court that . . . more discovery is necessary.'" Sol v. M&T Bank, 713 F. Supp. 3d 89, 100 (D. Md. 2024) (quoting Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244-45 (4th Cir. 2002)).

> When the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, courts have not always insisted on a Rule 56([d]) affidavit if the nonmoving party has adequately informed the district court that

7

> the motion is pre-mature and that more discovery is necessary.

Harrods Ltd., 302 F.3d at 244; Key v. Appalachian Power Co., 2024 WL 4314968, at *3 (S.D.W. Va. Sept. 26, 2024) (finding non-moving party did not sufficiently inform the court as to why additional discovery was necessary). "In Harrods, the Fourth Circuit found that where 'the nonmoving party's objections before the district court served as the functional equivalent,' a Rule 56(d) affidavit may not be necessary." Am. Muscle Docks & Fabrication, LLC v. Merco, Inc., 187 F. Supp. 3d 694, 699 (N.D.W. Va. 2016) (internal quotations omitted); See also Essex Ins. Co. v. Napple's Bullpen, LLC, 33 F. Supp. 3d 667, 672–73 (N.D.W. Va. 2014).

Here, the Court declines to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment because Plaintiffs have not yet been granted a reasonable opportunity to conduct discovery in this case. First, the parties have not engaged in formal discovery. Second, Plaintiffs, as stated in their response to Defendant's Motion, were not provided with any of the exhibits relied upon by the Defendant in its motion. ECF No. 7 at pp 2-3. Third, the Court has not yet entered a Scheduling Order in this case. Indeed, on September 23, 2025, the Court entered a *First Order and Notice Regarding Discovery and Scheduling Conference* [ECF No. 9] directing the parties to engage in an initial planning meeting and provide their initial disclosures. Based upon the

procedural posture of the case and the Plaintiffs' averments in their response briefing, a summary judgment assessment is premature.

Even though Plaintiffs did not file a Rule 56(d) affidavit opposing Defendant converting its motion to dismiss into a motion for summary judgment, the Court is satisfied that Plaintiffs, through their response briefing [ECF No. 7], adequately informed it that more discovery is necessary. Given that Defendant moved to dismiss, or in the alternative moved for summary judgment, in lieu of answering Plaintiffs' Complaint, Plaintiffs had little to no time to conduct discovery. Accordingly, the Court finds that Plaintiffs' response, objecting to the Court considering Defendant's motion to dismiss as a motion for summary judgment, serves as a functional equivalent to a Rule 56(d) affidavit. Therefore, the Court declines to consider Defendant's Motion under Rule 56 and will not consider documents attached to Defendant's Motion, unless this Court finds any such document to be integral and explicitly relied upon in Plaintiffs' Complaint. Furthermore, the Court will not rely upon arguments raised by either party not pertaining to the sufficiency of the allegations in the Complaint.

**B. Plaintiffs' Complaint Sufficiently States Plausible Violations under the FLSA to Survive Dismissal under Rule 12(b)(6).**

Having determined the appropriate standard of review, the Court now evaluates Defendant's Motion pursuant to Federal Rule of

9

Civil Procedure 12(b)(6). Plaintiffs' Complaint alleges that Defendant incorrectly calculates the Plaintiffs' regular rate of pay and overtime rate of pay from stated annual salaries. Compl., ECF No. 1 at ¶¶ 20-21. Plaintiffs' Complaint also alleges that the City has no policy on, and its Handbook does not include, a formal calculation for determining the Plaintiffs' regular rates of pay from their stated annual salaries. Id. at 22-23. As such, Plaintiffs contend that Defendant's miscalculations resulted in Plaintiffs being underpaid and that Defendant's calculation method is inconsistent with state and federal law. Id. at ¶¶ 32-34. To support their position, Plaintiffs rely upon testimony from Assistant City Manager Emily Muzzarelli in which she explained the method of firefighter pay calculation during a separate lawsuit. Id. at ¶ 25. Plaintiffs further allege that Defendant's conduct, miscalculating the firefighters rate of pay, was willful and not done in good faith. Id. at pp. 11-13.

Defendant argues dismissal is appropriate because the City of Morgantown pays Plaintiffs an established hourly rate of pay, which complies with the FLSA for hours and overtime worked. ECF No. 6-1 at p. 4.[1] In support, Defendant argues that Plaintiffs are compensated by a fixed, hourly rate of pay and that Defendant does

---

[1] Plaintiffs' Complaint cites to and incorporates the City's Handbook § 6.11.2 when describing the City's overtime compensation policy. Compl., ECF No. 1 at ¶¶ 17-19. However, neither party attached the City's Handbook to its briefing.

10

not use the annual salary method to pay the firefighters.[2] Defendant asserts that Plaintiffs do not plead any factual allegations that it agreed to pay the firefighters a stated annual salary. Id. at p. 6. Defendants further argue that there is no factual basis in the Complaint to support that Plaintiffs are paid a stated annual salary; thus, Defendant argues all three counts of the Complaint should be dismissed. Id. at p. 9.

In response, Plaintiffs argue that they pleaded facts sufficient to establish that the City of Morgantown underpays its firefighters and does not accurately calculate their respective hourly rates from stated annual salaries. ECF No. 7 at p. 2. Plaintiffs point to the Assistant City Manager's testimony regarding the City's method for calculating rates of pay and reference to a "comparable annual salary" when setting firefighters' hourly rate of pay. Id. at p. 4, ECF No. 1 at ¶ 25. Further, Plaintiffs assert that the Assistant City Manager's testimony, when compared to the FLSA opinion letters attached to the Complaint [ECF No. 1-1], support their allegation that Defendant's payment method does not comply with the FLSA. Id. at p. 5.[3]

---

[2] For reasons discussed supra in Section A, the Court does not consider the notice letters attached to Defendant's Motion [ECF No. 6-2], which purportedly establish that the Plaintiffs were prospectively notified of their hourly rate of pay.

[3] Plaintiffs also rely in their response brief on the City's step and grade plan, which is referenced in Defendant's Motion to Dismiss and

11

Here, the Court finds that the Complaint plausibly states FLSA violations. Accepting as true the allegations raised in the Complaint, Plaintiffs sufficiently pleaded facts to show that their rate of pay is determined based off a stated annual salary. Additionally, the calculation process described in the Assistant City Manager's testimony is alleged to not comport with the methods described in the FLSA opinion letters. Both the testimony and opinion letters are attached to the Complaint; thus, the Court properly considers the evidence as part of the pleadings. Therefore, Plaintiffs pleaded sufficient facts for the Court to reasonably infer that they could be entitled to relief.

Moreover, Defendant's arguments in support of dismissal rely on outside evidence. These arguments are premature. The Court cannot and will not resolve contests surrounding the facts or merits of claims under Rule 12(b)(6). Defendant will have the opportunity to argue the legality of its pay practices on a developed record following a reasonable opportunity for discovery, including depositions, answers to interrogatories, and other document production.

### V.   CONCLUSION

For the reasons stated herein, *City of Morgantown's Motion to*

---

attached to Defendant's reply briefing [ECF No. 8-1]. ECF No. 7 at p. 3. However, the City's grade and step spread sheet is not referenced in the Complaint and will not be considered in support of either party's arguments at the 12(b)(6) stage.

12

*Dismiss Complaint, or in the Alternative, for Summary Judgment* [ECF No. 6] is **DENIED**. The Court declines to construe Defendant's motion as a motion for summary judgment. The parties may file dispositive motions following the completion of discovery in accordance with the Court's future Scheduling Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: September 25, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA